UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JEFF GREEN, **Plaintiff,**

v. Civil Action No. 4:24-cv-3-DJH

BMW FINANCIAL SERVICES *et al.*, **Defendants.**

\* \* \* \* \*

**<u>MEMORANDUM</u>**

Plaintiff Jeff Green filed this *pro se* action. The Court entered an Order on February 21, 2024, denying Plaintiff's second application to proceed without prepayment of fees and ordering Plaintiff to file a third fully completed application to proceed without prepayment of fees or pay the $405.00 filing fee within 30 days (DN 7). The Order warned Plaintiff that failure to comply within the time allotted would result in dismissal of the case.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to take any other action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v.*

*Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).  Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

      Upon review, the Court finds that Plaintiff's failure to comply with the Court's prior Order warrants dismissal of the case for failure to prosecute.  Therefore, the Court will dismiss the instant action by separate Order.

Date:   March 29, 2024

David J. Hale, Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
4415.010